# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PNC BANK, N.A., a national association,

    Plaintiff,

vs.                                      CASE NO.

LARGO PIPING & GAS, INC., a Florida
corporation; and AARON WORKMAN, an
individual,

    Defendants.

_____/

## COMPLAINT

Plaintiff, PNC BANK, N. A., national association ("Plaintiff" or "PNC"), by and through undersigned counsel, sues Defendants, LARGO PIPING & GAS, INC., a Florida corporation ("Largo" or "Borrower") and AARON WORKMAN, an individual ("Workman" or "Guarantor") (Borrower and Guarantor hereinafter referred to collectively as "Defendants" or "Obligors"), for enforcement of a small business loan and guaranty, and alleges as follows:

## PARTIES

1. PNC is a national banking association authorized to do, and doing business in, the State of Florida. PNC's main office, as designated in its articles of association, is located in Delaware, and its principal place of business is located in Pittsburgh, Pennsylvania. PNC is therefore a citizen of Delaware and Pennsylvania.

PNC is the owner and holder of a promissory note, guaranty, and security agreement securing the note extended to Borrower.

2.    Defendant, Largo, is a Florida for-profit corporation with its principal place of business believed to be located at 11247 102nd Lane, Largo, FL 33773. Defendant, Largo is the primary borrower of the agreement, the default thereof is the basis of this lawsuit. Accordingly, Largo is a citizen of Florida.

3.    Defendant, Workman, is a natural person who is a resident and citizen of Pinellas County, Florida, because Workman's primary residence, upon information and belief, is located at 11247 102nd Lane, Largo, FL 33773.  Workman is a citizen of Florida.

4.    Defendant, Workman, personally guaranteed the obligations of Largo to PNC.

## GENERAL ALLEGATIONS

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties to this action and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6.    PNC is a citizen of Delaware and Pennsylvania, and Largo and Workman are citizens of Florida. Therefore, there is complete diversity of the Parties.

7.   Venue is appropriate in this district under 28 U.S.C. § 1391 because a substantial amount of the events or omissions giving rise to this claim occurred in this district, and Defendants are residents of Pinellas County, Florida.

## GENERAL ALLEGATIONS

8.   On or about October 13, 2023, Largo executed a Business Line of Credit Loan Application (the "Application") to establish a $75,000.00 line of credit with PNC (the "LOC"). A true and correct copy of the Application is attached hereto and incorporated herein as **Exhibit A**.

9.   As part of the Application, Workman executed a guaranty, personally and unconditionally guaranteeing the prompt payment and performance of all of Largo's obligations to PNC (the "Guaranty"). *See* **Exhibit A**, ¶ 3.

10.   On October 13, 2023, in connection with the Application, PNC issued a Small Business Line of Credit Agreement (the "Agreement") to Largo, which Largo agreed to pursuant to the Application, and by Largo drawing on the LOC. A true and correct copy of the Agreement is attached hereto and incorporated herein as **Exhibit B**.

11.   The Application and Agreement constitute a lending agreement pursuant to which Largo borrowed up to $75,000.00 through a line of credit with PNC.

3

12.    The Guaranty constitutes an agreement, pursuant to which, Workman agreed to unconditionally guarantee the obligations of Largo to PNC.

13.    Together, where appropriate, the Application, Agreement, and Guaranty, will be collectively referred to hereinafter as the "Loan Documents."

14.    The Agreement provides that Largo would be in default thereof if, among other things, Largo failed to make any payment when due thereunder. *See* **Exhibit B**, ¶ 17.

15.    The Guaranty provides that Workman would be in default thereof if Workman failed to make any payments due from Largo to PNC under the Loan Documents.

16.    The Agreement further provides that, in the event of a default, PNC has the right to: (i) declare the entire outstanding principal, unpaid interest and charges under the Loan Documents to be immediately due and payable to PNC; (ii) increase the interest margin up to 5 percentage points (5.0%) over the variable interest rate on the LOC; and (iii) require that Largo pay costs incurred by PNC in the collection of the outstanding amounts, including attorneys' fees and court costs. *See* **Exhibit B**, ¶ 18.

17.    Largo has failed to timely make the required payments when due under the Agreement.

18.    Accordingly, on May 11, 2026, PNC sent Borrower a Demand for Payment Letter (the "First Demand Letter") informing it that Largo was in default under the Loan Documents, and demanding repayment of the full outstanding amount of the LOC. A true and correct copy of the First Demand Letter is attached hereto and incorporated herein as **Exhibit C**.

19.    On June 16, 2026, PNC sent Defendants an additional demand for payment letter relating to Largo's default under the Agreement and Workman's default under the Guaranty, and demanding repayment of the full outstanding amount of the LOC (collectively the "Second Demand Letter"). A true and correct copy of the Second Demand Letter is attached hereto and incorporated herein as **Exhibit D**.

20.    Defendants have nonetheless failed to cure their defaults under the Loan Documents, and as of July 7, 2026, there was due and owing $81,236.23, consisting of $78,122.85 in unpaid principal, $2,993.58 in accrued and unpaid interest, and $119.80 in late charges. Interest is accruing on the outstanding principal balance of the LOC at a per diem rate of $23.91 and will continue to accrue in accordance with the terms of the Loan Documents.

21.    Accordingly, the full accelerated amount owed under the Loan Documents is immediately due and payable to PNC.

22.    To date, Workman has failed to ensure the prompt payment and performance of Largo's obligations under the Loan Documents to PNC, as required by the Guaranty.

23.    The Loan Documents provide that PNC is entitled to recover its costs and expenses, including reasonable attorneys' fees, incurred through the enforcement of its rights under the Loan Documents. *See* **Exhibit B**, ¶ 18.

24.    PNC has retained the undersigned law firm to represent it in this matter and is obligated to pay the undersigned counsel's reasonable attorneys' fees for its services.

25.    All conditions precedent to this action have occurred, been performed, or have been waived.

<u>**COUNT I – BREACH OF AGREEMENT**</u>
(Against Largo)

26.    PNC sues Largo for breach of the Agreement and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees.

27.    PNC realleges and incorporates Paragraphs 1, 2, 5–8, 10, 11, 13, 14, 16–21, and 23–25 above as if fully alleged herein.

28.    A contract exists between PNC and Largo, as evidenced by the Agreement.

29.    PNC is the owner and holder of the Agreement.

30.     As more particularly described herein, Largo is in material breach of the Agreement for failure to make payments when due thereunder.

31.     All amounts owed under the Agreement have been accelerated and are due and payable in full, including principal, interest, late charges, and attorneys' fees and costs.

32.     As a direct and proximate result of Largo's material breach of the Agreement, PNC has suffered damages and Largo owes to PNC the full amount of the outstanding unpaid LOC, including principal, interest, attorneys' fees and costs, and any and all sums heretofore or hereinafter expended by PNC pursuant to the terms of the Agreement.

WHEREFORE, Plaintiff, PNC Bank, N.A., respectfully requests this Court enter judgment for Plaintiff and against Defendant, Largo Piping & Gas, Inc., together with interest, costs, and attorneys' fees pursuant to the Agreement, and grant any further relief this Court deems just and proper.

## COUNT II – BREACH OF GUARANTY
(Against Workman)

33.     PNC sues Workman for breach of the Guaranty and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees.

34.     PNC realleges and incorporates Paragraphs 1-25 above as if fully alleged herein.

35.    A contract exists between PNC and Workman, as evidenced by the Guaranty.

36.    PNC is the owner and holder of the Guaranty.

37.    As more particularly described herein, Workman has materially breached the Guaranty by failing to tender to PNC the requisite payments and all amounts due and owing under the Agreement from Largo.

38.    As a direct and proximate result of Workman's material breach of the Guaranty, PNC has suffered monetary damages and there is now due and owing from Workman the full amount of outstanding unpaid indebtedness under the Agreement, including principal, interest, attorneys' fees and costs, and any and all sums heretofore or hereinafter expended by PNC, pursuant to the terms of the Guaranty.

WHEREFORE, Plaintiff, PNC Bank, N.A., respectfully requests this Court enter judgment for Plaintiff and against Defendant, Aaron Workman, together with interest, costs, and attorneys' fees pursuant to the Guaranty, and grant any further relief this Court deems just and proper.

8

DATED: July 8, 2026

**ADAMS AND REESE LLP**

By: */s/ Zachary T. McKinley*
  Zachary T. McKinley
  Florida Bar No. 1069811
  zach.mckinley@arlaw.com
  ari.martinez@arlaw.com
  jessica.bowers@arlaw.com
  501 Riverside Avenue, Suite 601
  Jacksonville, FL 32202
  Phone: (904) 394-1641

  *Attorney for Plaintiff,*
  *PNC Bank, N.A.*